**TENNECO, INC., a corporation, and Texas Eastern Transmission Corporation, a corporation, Plaintiffs,**

v.

**PUBLIC SERVICE COMMISSION OF WEST VIRGINIA et al., Defendants, and National Association of Regulatory Utility Commissioners, Intervening Defendant.**

**Civ. A. No. 72–52.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Jan. 11, 1973.

John O. Kizer and David A. Faber, Campbell, Love, Woodroe & Kizer, Charleston, W. Va., Jerry P. Fortenberry, Houston, Tex., for Tenn. Gas Pipeline Co.

Bolivar C. Andrews, Houston, Tex., for Tex. Eastern Transmission Corp.

Marian W. Louis, Asst. Gen. Counsel, Public Service Commission of W. Va., Charleston, W. Va., for defendants.

Ray M. Druley, Deputy Asst. Gen. Counsel, National Assn. of Regulatory Utility Commissioners, Washington, D. C., for intervening defendant.

MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

Plaintiff corporations are engaged in transporting natural gas through pipeline facilities from states in the southern and southwestern parts of the United

---

21. *Cf.* Matter of Grayson-Robinson Stores, 8 N.Y.2d 133, 138, 202 N.Y.S.2d 303, 307, 168 N.E.2d 377, 379 (1960).

22. N.Y.CPLR § 7501 (McKinney 1963).

States into and through states in the east and northeast, including West Virginia. Their business is in interstate commerce and subject to the jurisdiction of the Federal Power Commission under the Natural Gas Act, 15 U.S.C. § 717 et seq.

Defendants are the Public Service Commission of West Virginia and the members thereof. The National Association of Regulatory Utility Commissioners is an intervening defendant.

In this action plaintiffs ask the Court to declare the West Virginia gas pipeline safety statute (W.Va.Code, § 24B–1–1 et seq.) unconstitutional and void and to enjoin defendants from enforcing or attempting to enforce the statute. Plaintiffs reason that the state law violates provisions of the United States Constitution, Article I, Section 8, Clause 3, vesting in the Congress the power to regulate commerce, and Article VI, Clause 2, providing that the Constitution and the statutes enacted thereunder constitute the supreme law of the land. They contend that, when the Congress enacted the Natural Gas Pipeline Safety Act of 1968 (49 U.S.C. §§ 1671–1684), the federal legislation preempted the field of interstate gas pipeline safety and that the West Virginia gas pipeline safety law enacted in 1969 is constitutionally void and unenforceable.

Defendants answered plaintiffs' complaint and filed a motion to dismiss the complaint or, in the alternative, for summary judgment. Plaintiffs filed a motion for summary judgment. The parties agree that there are no disputed questions of fact. The action has been submitted to the Court for decision on the motions.

In their memoranda of law and arguments in support of their respective positions on the pending motions, attorneys have developed several issues.

Defendants' arguments that the Court is without jurisdiction in the action are not persuasive. 28 U.S.C. § 1337. Nor is the Court persuaded that the doctrine of abstention should be here invoked.

Lake Carriers' Association v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); Monongahela Connecting Railroad Co. v. Pennsylvania Public Utility Commission, 373 F.2d 142 (3rd Cir. 1967); Wright, Law of Federal Courts, § 52 (1970).

■ Plaintiffs state that the "principal issue is whether the Natural Gas Pipeline Safety Act of 1968 . . . has preempted the field of pipeline safety with respect to interstate transmission facilities." Plaintiffs' Note of Argument, page 9. At page 54 of their Note of Argument plaintiffs state that the "case involves entirely a question of preemption under the Supremacy Clause of the federal Constitution." In their complaint they ask that the West Virginia gas pipeline safety act be declared unconstitutional but in their Note of Argument they reason that the convening of a District Court of Three Judges in the action is not required or justified. 28 U.S.C. § 2281.

Primary consideration will be given to the "principal issue", as presented by plaintiffs, involving "entirely a question of preemption under the Supremacy Clause of the federal Constitution."

The Natural Gas Pipeline Safety Act of 1968 (49 U.S.C. §§ 1671–1684) expressly recognizes state participation in its administration. Pursuant to provisions of the Act, the Secretary of Transportation promulgated rules and standards relating to administration of the gas pipeline safety program and expressly recognized state participation therein. 49 C.F.R., Part 190. Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed. 2d 179 (1965).

The West Virginia statute here challenged expressly avoids conflict with the Natural Gas Pipeline Safety Act of 1968 as enacted by Congress. West Virginia Code, § 24B–2–1, limits the reach of the statute "to the extent permitted by the 'Act of 1968' and any amendments thereto." Also, § 24B–2–4 of the state statute responds to the cooperative gas pipeline safety program contemplated in the federal Act of 1968. The G. S. P. Gener-

al Order No. 2, entered by the defendant Public Service Commission on April 20, 1970, pursuant to the state statute and made Exhibit 1 with plaintiffs' complaint, limits its application to all pipeline companies subject to the jurisdiction of the Public Service Commission of West Virginia and to "interstate transmission facilities to the extent permitted by the Act of 1968 and rules promulgated thereunder."

A careful reading of the federal and state statutes and rules promulgated thereunder discloses a clear effort on the part of the Congress of the United States and the Legislature of West Virginia to develop a cooperative program in gas pipeline safety administration. Plaintiffs' contentions that the federal government under the United States Constitution has jurisdiction over interstate gas pipeline transportation facilities and that federal statutes, including the Act of 1968 here involved, preempt the field to the exclusion of the state legislation are valid as principles and propositions of law, but are not found to be applicable and controlling in this action. Head v. New Mexico Board of Examiners in Optometry, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963); Florida Lime and Avocado Growers v. Paul, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); Northern States Power Co. v. State of Minnesota, 447 F.2d 1143 (8th Cir. 1971); 16 Am.Jur.2d, Constitutional Law, § 207 (1964). Plaintiffs have placed much emphasis on United Gas Pipeline Co. v. Terrebonne Parish Police Jury, 319 F.Supp. 1138 (E.D.La.1970), and the affirmation of that opinion in 445 F.2d 301 (5th Cir. 1971), but the contrast in facts in that case with the facts in the action before the Court readily discloses its inapplicability.

The federal Act of 1968 does not purport to preempt the field and the West Virginia statute carefully avoids conflict with the federal legislation. Since the construction and application of the West Virginia statute do not appear to have been discussed in any opinion by the West Virginia Supreme Court of Ap-

peals, the state court's holding on the constitutionality of statutes generally warrants restatement. In State ex rel. Appalachian Power Co. v. Gainer, 149 W.Va. 740, 143 S.E.2d 351 (1965), the state court in points 1 and 5 of the syllabus held:

In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

.    .    .    .    .    .

The police power is the power of the state, inherent in every sovereignty, to enact laws, within constitutional limits, to promote the welfare of its citizens. The police power is difficult to define precisely, because it is extensive, elastic and constantly evolving to meet new and increasing demands for its exercise for the benefit of society and to promote the general welfare. It embraces the power of the state to preserve and to promote the general welfare and it is concerned with whatever affects the peace, security, safety, morals, health and general welfare of the community. It cannot be circumscribed within narrow limits nor can it be confined to precedents resting alone on conditions of the past. As society becomes increasingly complex and as advancements are made, the police power must of necessity evolve, develop and expand, in the public interest, to meet such conditions.

This Court finds and concludes that the West Virginia gas pipeline safety statute, West Virginia Code, § 24B–1–1 et seq., enacted by the West Virginia Legislature as Chapter 116, Acts of 1969, Regular Session, within the context of the action now under consideration, is not unconstitutional and is not in conflict with provisions of the Natural Gas Pipeline Safety Act of 1968 as enacted by the Congress of the United States. Accordingly, it is

Adjudged and ordered that plaintiffs' motion for summary judgment be, and it is hereby, denied, and that the defendants' motion to dismiss or, in the alternative, for summary judgment be, and it is hereby, sustained. In view of the Court's decision, other issues developed in memoranda of counsel need not be further considered and resolved.